UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAWN HELLER, | ) | CASE NO. 5:14 CV 243 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) ) | |
| METRO RTA, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

Plaintiff *pro se* Dawn Heller filed this *in forma pauperis* action on February 5, 2014 against Akron's Metro RTA, the Federal Transit Administration, and the Ohio Department of Transportation. Plaintiff cites the following federal statutes to support her claim: 18 U.S.C. § 1346 (mail fraud); Health Insurance Portability and Accountability Act; 29 U.S.C. § 2601 (Family and Medical Leave Act); 42 U.S.C. § 12101 (Americans with Disabilities Act); 20 U.S.C. §§ 1400-82 (Individuals with Disabilities Education Act); and 29 U.S.C. § 794 (Rehabilitation Act of 1973).[1]

The Complaint consists primarily of legal propositions. Moreover, the few allegations Plaintiff does set forth are far from clear. She appears, however, to state as follows. She sought to apply to Metro RTA for "disability services" in January 2014. After downloading an application, she had her doctor fill out the medical portion. The application was returned to Plaintiff because both parts were not delivered to Metro RTA at the same time. At that point, Plaintiff decided it violated her privacy to provide the medical information required by the

---

[1] Plaintiff also cites "Civil RICO" in summonses provided to the Court.

application. She asserts she will now be unable to: attend counseling and medical appointments, look for work or attend school, visit with friends, or shop for household items.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it simply does not contain allegations reasonably suggesting she might have a valid federal claim against these Defendants. *See*, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

relief).

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                       /s/Patricia A. Gaughan  
                                                       PATRICIA A. GAUGHAN  
Date:   8/11/14                              UNITED STATES DISTRICT JUDGE